UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William F. Martin, Jr., | ) | C/A No. 9:11-829-RBH-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| SC Dep't of Corrections HQ; | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff

seeks monetary damages against the Defendant South Carolina Department of Corrections.[1]

*Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been

made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and

in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v.*

*Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d

1147 (4th Cir. 1978). The Complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which

permits an indigent litigant to commence an action in federal court without paying the administrative

costs of proceeding with the lawsuit. Further, this Court is required to liberally construe *pro se*

documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than

---

[1] Although SCDC General Counsel David Tatarsky is referenced by Plaintiff on the summons, it is as the officer or agent for service of process, not as a Defendant. Tatarsky is not listed on the caption of the main Complaint, is not mentioned in the allegations of the Complaint, and is not referenced as part of Plaintiff's Rule 26.01 Interrogatories.



those drafted by attorneys.  *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) *(per curiam)*.

Even when considered under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal.  To protect against possible abuses of § 1915, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."  § 1915(e)(2)(B).  A finding of frivolity can be made where the Complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  Hence, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

<u>Background</u>

Plaintiff alleges that he was illegally sentenced on May 3, 2007, and incarcerated within the South Carolina Department of Corrections ("SCDC") for "among other things, a marijuana offense." It appears that Plaintiff challenged his conviction and sentence through the state post-conviction relief process.  Plaintiff alleges that on November 4, 2008, "a circuit court judge, Honorable John C. Hayes III, granted my relief, and ordered that instead of being sentenced under a Marijuana 3rd offense I should have been sentenced under a Marijuana 2nd Offense." Plaintiff alleges that as a result his sentence was to be shortened.  He alleges that on April 9 [or 19], 2009, "another circuit court judge Edward W. Miller ... ordered that, upon posting bond, I should be released from confinement immediately with the requirement of a surety bond establishment and to be placed on the home detention monitoring program." Plaintiff alleges that on April 17, 2009, his



2

family posted the $50,000.00 bond, and the Union County Clerk of Court "sent the bond order and required documents to the DOC [department of corrections]." Plaintiff alleges that he was kept in prison for seventy-five (75) days arbitrarily, without any excuses, and that the judge's order was ignored until July 1, 2009, the date he was released. Plaintiff alleges that he suffered great emotional distress which has impacted his emotional stability, family, and his work. Plaintiff seeks compensatory and punitive damages due to the Defendant's negligence, recklessness, and intentional conduct, with deliberate indifference to his civil rights.

Based on the alleged facts, Plaintiff appears to be asserting claims for false imprisonment, false arrest[2], negligence, gross negligence, personal injury, battery, and outrage.

<u>Discussion</u>

This Complaint is filed in this Court pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). However, to state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liberally construed, Plaintiff seems to allege that his liberty was wrongfully deprived for seventy-five days in violation of his Fourth Amendment

---

[2] Although Plaintiff mentions false arrest several times, there are no facts alleged about an arrest. Instead, it is alleged that Plaintiff was kept incarcerated for too long. Thus, this Court construes Plaintiff's allegations of arrest as a typo or as a nonsensical allegation.



rights.  However, by naming the "SC Dep't of Corrections HQ" as the party Defendant, Plaintiff has failed to bring suit against a "person" who allegedly committed the wrongful conduct.

First, the term "SC Dep't of Corrections HQ" apparently refers to the South Carolina Department of Corrections Headquarters, which is a department, group of buildings, or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law.  *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Therefore, Plaintiff has failed to state a claim on which relief may be granted under § 1983 against the SC Dep't of Corrections HQ.

Additionally, to the extent Plaintiff has actually intended to sue the South Carolina Department of Corrections itself, which appears likely, this lawsuit still cannot be pursued in this federal court because the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department.  *See e.g., Fed. Maritime Comm. v. South Carolina State Ports Auth.*, 535 U.S. 743, 747 (2002); *Bellamy v. Borders*, 727 F.Supp. 247, 248-250 & nn. 2-3 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Soc. Serv.*, 562 F.Supp. 579, 583-585 (D.S.C. 1983); and *Belcher v. South Carolina Bd. of Corr.*, 460 F.Supp. 805, 808-809 (D.S.C. 1978).  *See also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens).  Under *Pennhurst State Sch. & Hosp.*, a State must expressly consent to suit in a federal district court, and the State of South Carolina has not so consented.  *See*

4



S.C. Code Ann. § 15-78-20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).  Thus, because Plaintiff seeks money damages from the State of South Carolina, this action is barred in this Court.

Finally, Plaintiff appears to also be asserting claims for negligence, battery, and outrage, which are based in state law.  There is no subject matter jurisdiction for Plaintiff to bring state law tort claims against the Defendant in this Court, and without a federal claim there is no pendant jurisdiction for these claims.  A civil action for Plaintiff's state law claims would be cognizable in this Court under the diversity statute if that statute's requirements are satisfied; *Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992), *aff'd*, 10 F.3d 806 (4th Cir. 1993); however, the diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00).  *See* 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side.  *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978).  Such is obviously not the case here.  Accordingly, this Court has no diversity jurisdiction over this case because complete diversity of parties is absent.[3]

<u>Recommendation</u>

Based on the foregoing, it is recommended that the Court dismiss this action *without prejudice* and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).

---

[3]Plaintiff is not without a judicial remedy.  He may bring suit against the Defendant in a South Carolina court.



**Plaintiff's attention is directed to the important notice on the next page.**

_____
Bristow Marchant
United States Magistrate Judge

April 20, 2011
Charleston, South Carolina

6



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

